**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**Debra Glenn**

    **Plaintiff,**

**v.**

**Allstate Fire and Casualty Insurance Company**

    **Defendant.**

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Larry Glenn, (hereinafter "Plaintiff"), by and through his attorneys, MCDIVITT LAW FIRM, P.C., for his Complaint against the Defendant, Allstate Fire and Casualty Insurance Company (hereinafter "Defendant"), states as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff is a resident of Colorado, with an address of 1593 W. Delaney Drive, Pueblo West, Colorado 81007.

2.    Defendant is, and at all times relevant hereto was, a foreign insurance corporation with a principal place of business of 2775 Sanders Road, Northbrook, Illinois 60062. Defendant is, and at all time relevant hereto was, registered to do business in the State of Colorado with a registered agent for service of process listed as The Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

3.      Defendant is a nonresident of Colorado; and the matter in controversy exceeds the sum of $75,000.00, therefore, pursuant to 28 U.S.C. § 1332(a), venue is proper in the United States District Court For the District of Colorado.

## FACTUAL ALLEGATIONS
### Underlying Motor Vehicle Accident

4.      On March 24, 2015, at the approximate hour of 10:05 a.m., Plaintiff was operating her 2014 Dodge Ram 1500. The vehicle was traveling on northbound Interstate 25 in the number two (2) lane, at or around the 6th Street exit, in the City of Denver, County of Denver, State of Colorado.

5.      At the same date and time, a phantom or hit and run vehicle being driven by an unknown individual (hereinafter "phantom vehicle") was traveling on northbound Interstate 25 in the number three (3) lane, at or around the 6th Street exit in the city of Denver, county of Denver, state of Colorado.

6.      At the same date and time, Mr. Jorge Reyes Ortega (hereinafter "Reyes Ortega"), was operating his 1996 Ford F-250 and was behind the phantom vehicle on northbound Interstate 25 in the number three (3) lane, at or around the 6th Street exit in the City of Denver, County of Denver, State of Colorado.

7. For reasons unknown to Plaintiff, the phantom vehicle came to a complete, sudden and unwarranted stop in the middle of Interstate 25. Further, Reyes Ortega failed to properly observe and stop for the phantom vehicle.

8. This caused Reyes Ortega to veer into the number two (2) lane of Interstate 25, directly the in the path of Plaintiff. In turn, this caused Plaintiff to veer into the number one (1) lane of Interstate 25. This caused Plaintiff's vehicle to be struck by a semi-truck tractor trailer being operated by Mr. Djunaedi Tani in the number one (1) lane of Interstate 25.

9. In committing the aforementioned actions, the phantom vehicle and Reyes Ortega were, individually and collectively, negligent.

10. As a direct and proximate result of Reyes Ortega's negligence, Plaintiff suffered severe bodily injuries.

11. As a further direct and proximate result of the negligence and carelessness of Reyes Ortega's, Plaintiff has incurred bills for healthcare and treatment, and will incur additional such expenses in the future.

12. As further direct and proximate result of the negligence and carelessness of the Reyes Ortega's, Plaintiff has been caused to suffer, and will suffer, economic and non-economic injuries and losses including, but not limited to, physical pain and

suffering, loss of the enjoyment of life, loss of earning capacity, inconvenience, impairment and disability, some of which may be permanent.

13. As a direct and proximate result of the phantom vehicle's negligence, Plaintiff suffered severe bodily injuries.

14. As a further direct and proximate result of the negligence and carelessness of phantom vehicle's negligence, Plaintiff has incurred bills for healthcare and treatment and will incur additional such expenses in the future.

15. As further direct and proximate result of the negligence and carelessness of the phantom vehicle's negligence, Plaintiff has been caused to suffer, and will suffer, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, loss of the enjoyment of life, loss of earning capacity, inconvenience, impairment and disability, some of which may be permanent.

**FACTUAL ALLEGATIONS**

**Insurance Contract**

16. Prior to March 24, 2015, Defendant entered into a contract for automobile insurance coverage under Policy Number 964777374 (hereinafter "the Policy") with Plaintiff. The terms and conditions of the Policies are incorporated herein as if set forth verbatim.

17. Said policies were sold by Defendant and purchased and fully paid for by Plaintiff.

18. The Policy contained "Uninsured Motor Vehicle Coverage."

19. "Uninsured Motor Vehicle Coverage," as defined by the policy, covers underinsured motor vehicles as well. Hereinafter, any reference to the word "underinsured" references by definition the term "uninsured," and any reference to the word "uninsured" incorporates by reference the term "underinsured."

20. These policy limits provided under this policy for underinsured motor vehicle coverage total $25,000.00 per person and $50,000.00 per accident, per policy.

21. Reyes Ortega, at all times relevant herein, was an underinsured motorist and driver of an underinsured motor vehicle that caused, in part, a collision involving Plaintiff, as full described beforehand.

22. The phantom vehicle, at all times relevant herein, was an uninsured motorist and driver of an underinsured motor vehicle that caused, in part, a collision involving Plaintiff, as full described beforehand.

23. At all times relevant hereto, Reyes Ortega had an automobile liability insurance policy with American Family Insurance, with bodily injury liability limits of $50,000 per person and $100,000 per accident.

24. Reyes Ortega settled with Plaintiff for the applicable policy limits of $50,000 for his responsibility for negligently causing Plaintiff's injuries.

25. Plaintiff's settlement and release of Reyes Ortega was made pursuant to the term of Plaintiff and Reyes Ortega's "Consent to Settle" on December 12, 2016, by Defendant.

26. Plaintiff alleges that she is entitled to underinsured Motorist benefits for any damages which exceed $50,000.00 as related to Reyes Ortega's negligence.

27. At all times relevant hereto, the phantom vehicle is an uninsured motorist which is covered by the applicable Policy.

28. Plaintiff has not received any compensation under the Policy for the phantom vehicle's responsibility for negligently causing Plaintiff's injuries.

29. Plaintiff alleges that she is entitled to uninsured motorist benefits for any damages incurred as they relate to the phantom vehicle's negligence.

## FIRST CLAIM FOR RELIEF

### (Underinsured Motorist Claim)

30. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

31. Plaintiff and Defendant cannot agree as to the damages which Plaintiff is entitled to recover from her underinsured and uninsured motorist benefits, respectively, under her own insurance contract with Defendant.

32. Plaintiff suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision, as more fully set forth above.

33. Plaintiff has made a demand for her underinsured and uninsured motorist benefits, respectively, but Defendant has failed or refused to pay Plaintiff's said benefits.

34. Plaintiff's underinsured and uninsured benefits are lawfully past due and owing to Plaintiff.

35. Defendant is legally and contractual required under the Policy to pay compensatory damages to Plaintiff for any damages which exceed Reyes Ortega's underlying carrier's policy limits, as well as for any damages which have not been paid by the phantom vehicle.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

36. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

37. As stated in greater detail above, Defendant entered into a contract with Plaintiff to pay to Plaintiff any sum which she may be legally entitled to collect as damages against the owner or driver of the underinsured motor vehicle operated by Reyes Ortega, as well as the uninsured and phantom vehicle.

38. Plaintiff has performed all conditions precedent under the Policy.

39. Defendant has failed and refused to make payment in accordance with the express terms of the applicable insurance contracts.

40. Defendant breached its contractual duty owed to Plaintiff.

41. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered economic damages and/or losses as further enumerated herein.

42. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered non-economic damages and/or losses as further enumerated herein.

## THIRD CAUSE OF ACTION

**(Unreasonable Delay/Deny Under C.R.S. §10-3-1115)**

43. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

44. At all times relevant herein, Plaintiff alleges that she was a first-party claimant to the Policy entered into with Defendant as she, as noted in detail above, is asserting an entitlement to underinsured and uninsured benefits owed directly to him under the Policy.

45. Plaintiff is owed money from the Defendant as a first-party claimant in relation to the damages he sustained in the March 24, 2015, automobile accident.

46. Defendant has unreasonably delayed and/or denied payment of these benefits to Plaintiff by:

   i. Failing to timely, fairly and reasonably evaluate his claim;

   ii. Undervaluing Plaintiff's damages and losses without a reasonable basis;

   iii. Willfully ignoring the Plaintiff's medical diagnosis/prognosis as a basis to undervalue Plaintiff's claim;

   iv. Failing to properly evaluate the liability issues in the case; and

   v. Changing their liability position without reasonable justification where is would benefit Defendant financially, to the detriment of Plaintiff.

47. Defendant's actions were and are unreasonable, and have resulted in the denial and/or delay of payment Plaintiff is entitled to under the Policy.

48.     Pursuant to *Colorado Revised Statute* ("C.R.S.") §10-3-1116, Plaintiff seeks attorney's fees and costs, as well as two times the awarded damages for Defendant's violation of C.R.S. §10-3-1115.

**WHEREFORE,** Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

Dated this   16th   day of May, 2017.

/s/ Edward Lomena
**Edward Lomena, Esq., 45899**
McDivitt Law Firm, P.C.
19 E Cimarron Street
Colorado Springs,  CO 80903
Telephone: (719) 471-3700
E-mail: litigation@mcdivittlaw.com
Attorney for Plaintiff Glenn

**PLAINTIFF'S ADDRESS**
1593 w. Delaney Drive
Pueblo, CO 81007